**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSIE RAY LYNN HORN,<br><br>Petitioner,<br><br>vs.<br><br>W.L. MONTGOMERY, Warden,<br><br>Respondent. | CASE NO. 14cv3030 BTM (BGS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**<br><br>**[ECF Nos. 8 and 10.]** |

Jessie Ray Lynn Horn (hereafter "Horn"), a California state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Horn claims that he is in custody in violation of the United States Constitution because: Horn's conviction was a product of judicial bias (claim one), Horn's appellate counsel rendered ineffective assistance (claim two), Horn's trial counsel provided ineffective assistance (claim three), and Horn's conviction was a result of prosecutorial misconduct (claim four). (*See* ECF No. 1, Petition at 12-29.)

Presently before the Court is Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus. (ECF No. 8-1.) Respondent contends the Petition is barred by the applicable statute of limitations. In response, Horn contends he is entitled to statutory and equitable tolling as he did not receive notice of the California Court of Appeal's decision denying his state habeas petition and was correspondingly delayed in filing his habeas corpus petition in federal court. (ECF No. 10 at 3-5.)

The Motions¹ were taken under submission without oral argument pursuant to SO. DIST. CA LOCAL CIV. RULE 7.1(d)(1) and are now ready for disposition. For the following reasons, the Court **RECOMMENDS** that (1) Respondent's Motion to Dismiss be **DENIED**, (2) Horn's Motion to Hear Petition/Opposition brief be **GRANTED** in that Respondent be directed to file an Answer in response to the Petition.

## I.

## STATE AND FEDERAL PROCEEDINGS

On November 3, 2010, the San Diego County Superior Court found Horn guilty of (1) robbery, (2) assault with a semi-automatic firearm, (3) personal use of firearm, and (4) offenses committed for the benefit of a criminal street gang. (ECF No. 1 at 1-2.) Horn was sentenced to 78 years to life plus 60 years. (*Id.* at 1.)

On February 29, 2012, the California Court of Appeal denied Horn's direct appeal challenging the conviction on the grounds of insufficient evidence and the trial court's failure to exercise its sentencing discretion. (*Id.* at 2.) The California Supreme Court denied review of the California Court of Appeal's opinion on May 9, 2012. (ECF No. 8-1 at 1.)

On July 31, 2012, Horn filed a petition for writ of habeas corpus in San Diego County Superior Court alleging judicial bias, ineffective assistance of appellate counsel, ineffective assistance of trial counsel, and prosecutorial misconduct. (*Id.*; ECF No. 1 at 3.) The San Diego Superior Court denied the petition on September 24, 2012. (ECF No. 1 at 3.)

On December 20, 2012, Horn filed a petition for writ of habeas corpus in the California Court of Appeal alleging the same issues raised in his petition to the San Diego Superior Court. (ECF No. 8-1 at 2; ECF No. 1 at 4.) Some time in January 2013, Horn received a letter from the California Court of Appeal notifying him that his petition had: (1) been received; (2) was filed on December 26, 2012; and (3) was pending before the court. (ECF No. 10 at 7.) On January 30, 2013, Petitioner notified the California Court of Appeal of his transfer from High Desert State Prison to Calipatria State Prison. (ECF No. 10 at 9.) The California Court of

---

¹Petitioner's opposition was styled as a motion, but should be construed as an opposition to Respondents' motion to dismiss.

Appeal denied Horn's petition on March 12, 2013. Calipatria State Prison has a record of receiving mail from the court on March 14, 2013. (ECF No. 8-1 at 2, ECF No. 10 at 7.)

Horn alleges that he did not receive notice of the California Court of Appeal's March 12, 2013 decision. In support of his claim, Horn submitted with his opposition brief a copy of the prison mail log from Calipatria State Prison showing that he did not sign for the mail from the California Court of Appeal. (*Id.* at 56.)

On June 26, 2014, Horn inquired about the status of his petition filed with the California Court of Appeal. (ECF No. 10 at 8.) After learning that the California Court of Appeal had denied his petition, Horn filed a petition for writ of habeas corpus in the California Supreme Court on July 29, 2014, alleging the same issues. (*Id.*) The California Supreme Court denied the petition on October 29, 2014. (ECF No. 8-1 at 2.)

On September 17, 2014, Horn filed a second petition for writ of habeas corpus alleging a new issue in the California Supreme Court. (*Id.*) The California Supreme Court denied the petition on December 10, 2014. (*Id.*)

On December 30, 2014, Horn filed a federal habeas petition pursuant to 28 U.S.C. § 2254, citing the following grounds for relief: Horn's conviction was a product of judicial bias (claim one), Horn's appellate counsel rendered ineffective assistance (claim two), Horn's trial counsel provided ineffective assistance (claim three), and Horn's conviction was a result of prosecutorial misconduct (claim four). (*See* ECF No. 1, Petition at 12-29.)

## II.

### **STANDARD OF REVIEW**

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, § 28 U.S.C. § 2244(d) provides a one-year limitations period, plus any time tolled while seeking state collateral relief, for a state prisoner to file a federal petition for writ of habeas corpus pursuant to the judgment of the State court. § 28 U.S.C. § 2244(d) states that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (a)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

|   |     |                                                                                                                                                                                                                                 |
|---|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |     | seeking such review;                                                                                                                                                                                                            |
|   | (b) | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.   |
|   | (c) | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
|   | (d) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.                                                                                      |

28 U.S.C.A. § 2244(d) (West Supp. 2005).

### III.

### **DISCUSSION**

**A. The AEDPA**

As explained above, the AEDPA applies to all § 2254 habeas corpus petitions filed after April 25, 1996. *Smith v. Robbins*, 528 U.S. 259, 268 (2000). Horn filed his federal habeas petition on December 30, 2014, and thus, the petition is governed by the AEDPA. In deciding whether the petition was untimely, the first issue for the court is to determine when the AEDPA's one-year state of limitations began to run. 28 U.S.C. § 2244(d)(1).

Where a state prisoner has sought direct review of a conviction in the state's highest court, but does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period for seeking federal habeas review begins to run 90 (ninety) days after the state court entered judgment. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); *see* U.S. Sup. Ct. R. 13. On the ninetieth day, time for seeking certiorari expires. *Id.* Pursuant to Federal Rule of Civil Procedure 6(a), the statute of limitations under section 2254 ordinarily begins to run on the date subsequent to the date the judgment became final, unless an exception[2] applies.

---

[2] Title 28 U.S.C. section 2244 delineates only three possible exceptions to the general rule regarding when the statute of limitations begins to run in a case: (1) Petitioner was impeded by the state from seeking further relief; (2) Petitioner's claims rely on a newly recognized constitutional right; and (3) the factual predicate for Petitioner's current claim(s) was not known, or could not have been known, by the time his conviction became final. These exceptions are inapplicable here due to the Court's recommendation that statutory and equitable tolling apply.

*Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The following time line sets forth the relevant dates for calculating the statute of limitations expiration date in this case.

**Time Line**

| Date | Description of Events and Proceedings |
|---|---|
| Nov. 3, 2010 | Trial court convicted Petitioner in San Diego County Superior Court case number SCD220652, and sentenced Petitioner to a term of 78 years to life plus 60 years. (ECF No. 1 at 1.) |
| Feb. 29, 2012 | California Court of Appeal affirmed the judgment. *(Id.* at 2.*)* |
| May 9, 2012 | California Supreme Court denied review. (ECF No. 8-1 at 1.) |
| July 31, 2012 | Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court. (*Id.*) |
| Aug. 7, 2012 | Petitioner's conviction became final on Aug. 7, 2012, 90 days after the California Supreme Court denied review. *See Bowen v. Row*, 188 F.3d 1157 (9th Cir. 1999); *see* U.S. Sup. Ct. R. 13. |
| Sept. 24, 2012 | San Diego County Superior Court denied the petition. (*Id.* at 2.) |
| Dec. 20, 2012 | Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (*Id.*) |
| Mar. 12, 2013 | California Court of Appeal denied the petition. (*Id.*) |
| June 26, 2014 | Petitioner alleged that he did not receive the California Court of Appeal's opinion and asked for a status update. (ECF No. 10 at 7.) |
| July 29, 2014 | Petitioner filed petition for writ of habeas corpus in the California Supreme Court. (ECF No. 8-1. at 2) |
| Sept. 17, 2014 | Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court alleging a new issue. (*Id.*) |
| Oct. 29, 2014 | California Supreme Court denied the petition. (*Id.*) |
| Dec. 10, 2014 | California Supreme Court denied the second petition. (*Id.*) |
| Dec 30, 2014 | Petitioner filed a federal petition for writ of habeas corpus in the Southern District of California. (ECF No. 1.) |

**B. STATUTORY TOLLING**

As reflected in the time line above, Horn's conviction became final on Aug. 7, 2012, 90 days after the California Supreme Court denied review. *See Bowen v. Row*, 188 F.3d 1157 (9th Cir. 1999); *see* U.S. Sup. Ct. R. 13. The AEDPA statute of limitations would have begun to run on August 8, 2012, however, Horn filed a collateral appeal in the San

Diego Superior Court on July 31, 2012, which tolled the running of the AEDPA statute.

Specifically, the AEDPA limitations period is subject to statutory tolling for periods of time during which there is pending in the state court a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim. This generally means the limitations period is statutorily tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 221-223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); s*ee also* 28 U.S.C. § 2254(d)(2) (stating the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")  Accordingly, the AEDPA statute of limitations was clearly statutorily tolled from August 8, 2012 through March 12, 2013; the date the California Court of Appeal denied Horn's petition.

Respondent argues that there was an unreasonable 504-day gap between the denial of Horn's California Court of Appeal petition on March 12, 2013 and the filing of his California Supreme Court petition on July 29, 2014; therefore, the AEDPA statute of limitations started running and lapsed[3] before Horn even filed his petition with the California Supreme Court. (ECF No. 8-1 at 3:16-23.)  In response, Horn contends he did not receive timely notification of the California Court of Appeal's denial; therefore, the AEDPA limitations period did not begin to run because he is also entitled to statutory tolling for the gap in time between the denial of his California Court of Appeal petition and the filing date of his California Supreme Court petition.

In order for Horn to be entitled to statutory tolling, the 504-day gap between the California Court of Appeal's denial of his petition and the filing of the California Supreme

---

[3] Respondents argue that the AEDPA's one-year statute of limitations would have started running on March 13, 2013 and would have expired on March 13, 2014.  Horn did not file a petition for writ of habeas corpus in the California Supreme Court until July 29, 2014, which constitutes four months after the limitations period expired.  Similarly, Horn filed a federal petition for writ of habeas corpus on December 30, 2014, which, according to Respondent's argument, would be nine months after the AEDPA deadline expired.

Court petition must be "reasonable." *See Saffold*, 536 U.S. at 221 (holding that "unreasonable" delays are untimely).  Where, as is the case here, there is no clear indication from the California Supreme Court as to whether Horn's subsequent petition was timely[4] under California law, the federal court must examine the delay and determine whether the petition was filed within what the California courts would consider a reasonable period of time. *See Evans v. Chavis*, 546 U.S. 189, 197-198, 126 S. Ct. 846, 163 l. Ed.2d 684 (2006). However, California state courts have not defined what particular time frame constitutes a reasonable interval. *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).  As the Ninth Circuit Court of Appeals recently noted in *Maes v. Chavez*, No. 13-16523, -- F.3d --, 2015 WL 4080847 (9th Cir. July 7, 2015), the "California habeas process contains a wrinkle that somewhat complicates the calculation" of how much time between filings is reasonable and should, therefore, be statutorily tolled. The court in *Maes* went on to explain:

> "In California, so long as the state prisoner 'filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year [AEDPA] time limit) the days between (1) the time the lower state court reached an adverse decision and (2) the day he filed a petition in the higher state court' *Evans v. Chavis*, 546 U.S. 189, 193 (2006)....'The upshot is that California's collateral review process functions very much like that of other States, but for the fact that its timeliness rule is indeterminate.'" (citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002).

*Id.* at *2.

Because of the indeterminate timeliness rule, federal courts must look to the United States Supreme Court, Ninth Circuit Court of Appeals, California federal district courts and California state courts for guidance on what is an unreasonable, and therefore untimely delay in filing a subsequent petition. *Evans*, 546 U.S. at 192-93; *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).  Supreme Court and Ninth Circuit case law provide that an *unjustified* delay of six-months may constitute unreasonable delay because most states only allow 30 to 60 days in which to file an appeal. *Evans,* 546 U.S. at 192-93 (2006); *Chaffer*

---

[4] The California Supreme Court denied without comment Horn's petition on October 29, 2014. [ECF No. 5 at p. 19.]

- 7 - 14cv3030 BTM (BGS)

1  *v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). On the other hand, the Supreme Court has
2  also held that a delay of more than two years may be reasonable if the petitioner has met his
3  burden of providing adequate justification. *Evans,* 546 U.S. at 201.

4        A petitioner's explanation that he did not receive his mail can serve as adequate
5  justification to allow statutory tolling. *Winston v. Sisto*, 2008 WL 2119918, *9 (E.D. Cal.).
6  This Court finds the *Winston* case instructive. In *Winston*, the petitioner explained that he
7  did not receive the superior court's denial of his petition due to a change of address,
8  causing the petitioner to be delayed in filing his subsequent petition to the state court of
9  appeal. *Id.* at *8. The respondents in *Winston* did not offer any rebuttal to the petitioner's
10 explanation which left petitioner's contention that he had not received his mail undisputed.
11 *Id.* The district court in *Winston* reasoned that because the petitioner had no notice of the
12 court's decision, the 212-day gap between the denial of his superior court petition and the
13 filing of his subsequent appellate court petition would have been considered "reasonable"
14 under the U.S. Supreme Court's analysis in *Evans v. Chavis*. *Id.* at *9. Accordingly, the
15 court found that because the petitioner had explained and justified the period of delay, that
16 delay could not serve as a basis for dismissal. Therefore, the petitioner was entitled to
17 statutory tolling. *Id.*

18       In this case, as in *Winston*, Horn contends that he never received notice of the
19 California Court of Appeal's denial, and that when he was finally notified on June 26,
20 2014, he filed the subsequent petition on July 29, 2014. (ECF No. 10 at 5.) Horn has
21 submitted Calipatria State Prison's mail log as evidence to show that he did not sign for the
22 mail. (ECF No. 10 at 56-58.) Respondent has not argued or submitted any supporting
23 evidence to dispute Horn's assertion that he never received the state appellate court's
24 decision in the prison mail. Just as in *Winston*, where the district court found petitioner's
25 explanation and undisputed evidence that he did not receive his mail justified the delay
26 between filings, this Court recommends a finding in this case that Horn's explanation that
27 he did not receive his mail also justifies the 504-day gap between filings. **IT IS**
28 **THEREFORE RECOMMENDED** that the Court find the delay between state court

filings was reasonable, entitling Horn to statutory tolling up to October 29, 2014, the date the California Supreme Court denied his petition. This would make the filing of Horn's federal habeas corpus petition on December 30, 2014, within the AEDPA limitations period.

## C. EQUITABLE TOLLING

In cases where the petitioner has alleged that he failed to receive mail and thus failed to receive notice of the court's denial of his petition, courts have also analyzed the "lack of notice" argument under equitable tolling. Therefore, even if district courts vary in their interpretation of what constitutes a "reasonable" interval for purposes of statutory tolling, Horn may still be entitled to equitable tolling due to the fact that he failed to receive notice of the California Court of Appeal's decision.

Under certain circumstances, the AEDPA's one-year statute of limitations period may be equitably tolled. *Calderon v. United States Dist. Court ("Beeler")*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled on other grounds by *Calderon v. United States Dist. Court ("Kelly")*, 163 F.3d 530, 540 (9th Cir. 1998)). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances beyond the prisoner's control have made it impossible for him to file a timely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Horn asserts that he "had absolutely no control over the legal mail process at Calipatria State Prison" and that it was "the responsibility of the [warden] and his staff" to ensure that Petitioner received his mail. (ECF No. 10 at 7.) As a result, Horn contends that he did not receive the California Court of Appeal's decision and did not have knowledge that the court reached a decision, which would have prompted him to move forward with his appeal to the California Supreme Court. (ECF No. 10 at 7.)   Respondent argues that the passage of more than a year between the time the court of appeal denied Horn's petition and the time Horn inquired about the petition's status demonstrates his lack of diligence. [ECF No. 8-1 at 5:4-16.]

The Ninth Circuit has found that "a prisoner's lack of knowledge that the state courts have reached a final resolution can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence" and not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010). As indicated in *Ramirez*, Horn has the burden to show he acted with "reasonable diligence" and was not the cause of his petition's untimeliness. Because the analysis of what constitutes "diligence" is fact-specific, courts have varied in their interpretation of "diligence." For example, the Eleventh Circuit has found that an eighteen-month delay in requesting information on the status of a case was diligent because the prisoner had received notice from the court that it would notify him as soon as a ruling was filed. *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). Similarly, the Second Circuit has found that a nine-month delay in requesting information on the status of a case was diligent because it is unlikely that a litigant can accurately estimate how long a court will take to review a motion. *Diaz v. Kelly*, 515 F.3d 149, 155 (2nd Cir. 2008).

In this case, Horn, like the prisoner in *Knight*, received notice that the California Court of Appeal had received his petition, and that they would notify him once the decision had been rendered. (ECF No. 10 at 38.) When Horn did not hear back from the court for more than a year, he wrote to the court to inquire about its status. (*Id.* at 43.) Like the litigant in *Diaz*, Horn could not have estimated how long the court would take to review his petition. Further, once Horn received the California Court of Appeal's decision, he filed the subsequent petition to the California Supreme Court in only one month. (*Id.* at 5.) The facts of this case demonstrate that Petitioner exercised "reasonable diligence" to obtain notice. Accordingly, **IT IS RECOMMENDED** that the Court find Horn qualifies for equitable tolling because he pursued his rights diligently, and the lack of notice would have made it impossible for him to file a timely petition. **IT IS THEREFORE FURTHER RECOMMENDED** that Respondent's Motion to Dismiss be **DENIED** and Horn's Motion to Hear Petition/Opposition brief be **GRANTED in that Respondent be directed to file**

**an Answer in response to the Petition**.

## IV.

## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) **DENYING** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus; and (2) **GRANTING** Petitioner's Motion to Hear Petition for Writ of Habeas Corpus on the Merits in that Respondent be directed to file an Answer in response to the Petition.

**IT IS ORDERED** that no later than **July 30, 2015** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 13, 2015.** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: July 9, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court