# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE RAY LYNN HORN,<br><br>Petitioner,<br><br>v.<br><br>W. L. MONTGOMERY, Warden,<br><br>Respondent. | Civil No. 14cv3030-BTM (BGS)<br><br>**ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 13.]** |

## I. INTRODUCTION AND PROCEDURAL HISTORY

On July 10, 2015, Respondent filed a motion for reconsideration of the Court's Report & Recommendation. [ECF No. 13.] In the motion for reconsideration, Respondent advises the Court that it "recently acquired a copy of the prison mail log showing that [Jessie Ray Lynn] Horn did in fact sign for the court order" from the California Court of Appeal denying his petition for writ of habeas corpus. *Id.* at 2:3-4. The legal mail log submitted by Respondent purports to show Horn's signature and is attached to the affidavit of deputy attorney general Vincent P. La Pietra. [ECF No. 13-2.] Respondent does not provide a declaration from an employee of the Calipatria State Prison that explains the maintenance and operation of the prison's legal mail log.

Respondent contends the signed mail log demonstrates Horn did receive notice of the California Court of Appeal's decision; therefore, the statutory and equitable tolling found by the Court in its Report and Recommendation is inapplicable, making Horn's Petition for Writ of Habeas Corpus untimely. *Id.* at 2. Respondent requests the Court

1  reconsider its July 9, 2015 Report and Recommendation denying Respondent's Motion
2  to Dismiss and recommending that Respondent be directed to file an Answer in response
3  to Horn's Petition for Writ of Habeas Corpus. [ECF No. 12.]

4      On July 13, 2015, the Court issued an order requiring further briefing. [ECF No.
5  14.] In accordance with the Court's Order, Horn filed an opposition on July 30, 2015.
6  [ECF No. 15.] In the opposition brief, Horn submitted a declaration stating that the
7  signature on the mail log presented by Respondent is not his signature. [ECF No. 15 at
8  4-5.] In addition, Horn included exhibits to his declaration in order to show several
9  examples of his signature from various documents signed by him. *Id.* at 6-8.

10      Although the Court provided Respondent with a deadline by which to file a reply
11  in support of the motion for reconsideration, Respondent did not file a reply.

## II. STANDARD OF REVIEW

13      "Reconsideration is appropriate if the district court: (1) is presented with newly
14  discovered evidence, (2) committed clear error or the initial decision was manifestly
15  unjust, or (3) if there is an intervening change in controlling law.") *School Dist. No. 1J,*
16  *Multnomah County, Oregon v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

17      In order to support a motion for reconsideration based on the first ground requiring
18  new or different facts and circumstances, federal case law makes clear that "the failure
19  to file documents in an original motion or opposition does not turn the late filed
20  documents into newly discovered evidence." *Id.* The new evidence presented to the
21  Court: (1) must be in existence; (2) must be such that it was not and could not have been
22  discovered in time to present it; (3) must not be cumulative or impeaching and (4) must
23  be admissible and credible, and of such a material and controlling nature as will probably
24  change the outcome. *See Kittner v. Gates*, 783 F.Supp. 2d 170 (D.C.Cir. 2011); *see also*
25  *Frederick S. Wyle Professional Corp. v. Texaco, Inc*., 764 F.2d 604, 609 (9th Cir. 1985)
26  (evidence available before party filed its opposition was not "newly discovered
27  evidence").

28

## III. DISCUSSION AND ORDER THEREON

Respondent has failed to meet its burden for reconsideration of the Court's July 9, 2015 Report and Recommendation. [ECF No. 12.] Respondent has not only failed to demonstrate that the evidence it submitted after the Court issued its Report and Recommendation is newly discovered evidence that could not have been presented at the time it filed its motion to dismiss, but it has also failed to show that the mail log it has submitted to the Court is credible.

Specifically, the LaPietra affidavit states that only *after* reading the Court's Report and Recommendation, did Respondent's counsel contact Calipatria State Prison to discuss the processing of legal mail. [ECF No. 13-2 at ¶4.] The La Pietra affidavit does not explain why this communication with Calipatria could not have occurred before the filing of its motion to dismiss.

But even if Respondent could demonstrate that the legal mail log submitted as evidence could be considered "newly discovered" for purposes of the rule, Respondent's motion for reconsideration nevertheless fails for lack of credibility. Horn disputes the genuineness of the signature on the legal mail log. Moreover, Respondent has failed to submit, either in conjunction with the motion for reconsideration or in a reply, a declaration from Calipatria that explains legal mail procedures and verifies the contents of the legal mail log that was presented. Respondent's motion for reconsideration, is therefore, **DENIED**.

DATED: August 12, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court